# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:     Paulre M. Hennessy                           Chapter      13

           Debtor(s)                                       Bky. No. 16-18434-amc

## DEBTOR'S AMENDED CHAPTER 13 PLAN

NOTICE:   THE DEBTOR(S) HAVE FILED FOR RELIEF UNDER CHAPTER 13
OF THE BANKRUPTCY CODE

## YOUR RIGHTS WILL BE AFFECTED

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. If this case is a joint case, all references in the Plan refer to both Debtors unless otherwise stated.

You should read these papers carefully and discuss them with your attorney.

**Anyone who wishes to oppose any provision of this Plan must file a written objection within five (5) days of the date of the hearing on confirmation as required by Local Bankruptcy Rule 3015-1(c).**

1. **PAYMENT AND LENGTH OF PLAN**

    a. The Debtor shall submit to the supervision and control of the Trustee the following sums:

       **$100.00 per month for 36 months.**

    b. The Debtor shall make the plan payments to the Trustee from the following sources:

       __X__   Future Earnings

       _____   Other sources of funding (describe source, amount and date when funds are expected to be available)_____

       _____   Sale or refinance of the following assets (describe): _____

    c. Expected Total of Payments to the Trustee (if calculable at outset of Plan):

2. **CLASS 1 – ADMINISTRATIVE EXPENSES**

**Summary of Class 1 – Administrative Expenses**

| Admin. Expense Claimant | Type of Priority | Estimated Amount to be Paid |
|---|---|---|
| Chapter 13 Trustee | Administrative expense | Statutory commission |
| Debtor's counsel | Counsel fees pursuant to 11 U.S.C. 330 | $0.00 |

~ 1 ~

    a. **Class 1 Claims** shall consist of all administrative expenses allowed by the court, see 11 U.S.C. §1326(b)(1), and the Trustee's statutory commission, see 11 U.S.C. §1326(b)(2).

    b. The Trustee will make distributions to the holders of Class 1 administrative expense until such allowed administrative expenses have been paid the full amount allowed by the court, pro rata.

    c. It is anticipated that the holders of allowed Class 1 will be those persons or entities identified in the Summary of Class 1 set forth above.

**3. CLASS 2 – ALLOWED SECURED CLAIMS – CURE OF PREPETITION DEFAULT AND MAINTENANCE OF MONTHLY PAYMENTS**

**Summary of Class 2 – Cure of Prepetition Default and Maintenance of Monthly Payments**

| Class 2 Creditor | Property Securing the Debt | Estimated Arrearage |
| --- | --- | --- |
| **Deutsche Bank (POC # 12)** | **Residence** | Debtor has applied for a loan modification. Debtor will obtain an approved loan modification before March 31, 2018. If a loan modification is not approved, Debtor will either request and file an amended Chapter 13 plan providing for the payment of the arrears over the amount of time remaining in the Plan or if an amended plan is not filed or a loan modification not approved, this claim will be addressed pursuant to state law outside of the bankruptcy case. |
| **Toyota Lease Trust (POC #2)** | **Leased vehicle** | There is no arrearage claim, Debtor will continue making the monthly lease payments directly to this creditor. |
| **Montgomery County Tax Claim Bureau (POC #14)** | **Residence** | No payments at this time while claim is being investigated. Deutsche Bank has alleged that it has advanced the escrow as part of its filed Proof of Claim. |
|  |  |  |

a. **Class 2 Claims** shall consist of all claims filed and allowed for prepetition arrears on allowed secured claims and which are provided for by the Debtor pursuant to 11 U.S.C. §1322(b)(5).

b. Commencing with the installment falling due on the month following the filing of the Bankruptcy Petition, all future regular monthly installment payments falling due on Class 2 claims will be paid by the Debtor directly to the holders of such claims and will not be paid to the Trustee.

c. Confirmation of the plan shall constitute a judicial finding, decree and order that the amount of the prepetition default on each Class 2 claim does not exceed the amount reflected on the claims docket as or determined by the court to be the prepetition arrears for each Class 2 Claim provided for in this Plan. In the event of a conflict, the court order shall be determinative.

d. The Trustee shall make distributions to the holders of Class 2 claimants in the full amount of the claim allowed for prepetition arrears as reflected on the claims docket or determined by the court. In the event of a conflict, the court order shall be determinative.

e. Upon completion of the payment of the prepetition arrears through the distribution made by the Trustee to the holders of Class 2 Claims pursuant to this Plan, the prepetition default on the secured claim giving rise to each Class 2 Claim will be cured by such payments made to the Trustee under the Plan and the holders of Class 2 Claims shall reinstate the Debtor's account to the original payment schedule for the underlying secured claim as if no default had ever occurred, except for the amount of any monthly installments falling due after commencement of this case which has not been paid.

f. Confirmation of this plan shall impose an affirmative and direct duty of each holder of a Class 2 claim to comply with Paragraph 3.e. above. The Debtor may enforce Paragraph 3.e. of this Plan above and Paragraph 9.a. below by, <u>inter alia</u>, instituting an appropriate enforcement proceeding in the bankruptcy court either before or after the entry of the discharge order and either before or after closing of this case.

g. It is anticipated that the holders of allowed Class 2 claims will be those persons or entities indentified in the Summary of Class 2 set forth above.

4. **CLASS 3A, 3B AND 3C – OTHER ALLOWED SECURED CLAIMS**

    a. The holders of Class 3A, 3B and 3C claims, as set forth below shall retain the liens securing their claims during the pendency of this Plan.

**Summary of Class 3A – Allowed Secured Claims Paid in Full and/or Modified**

| Class 3A Creditor | Property Securing the Debt | Estimated Amount to be Paid |
|---|---|---|
| **PHFA/HEMAP** | **Residence, second mortgage** | **None, claim is unsecured and will be avoided and reclassified as an unsecured claim pursuant to an agreement with this creditor or pursuant to an Adversary Proceeding to be filed on or before November 10, 2017.** |
|  |  |  |
|  |  |  |
|  |  |  |

b. **Class 3A Claims** shall consist of all claims filed and allowed which are secured by liens which are not avoided by the Debtor and which are provided for as set forth below in Paragraph 3.c. through 3.e.

c. Class 3A Claims will be paid the full amount of the secured claim as reflected on the claims docket or determined by the court. In the event of a conflict, the court order shall be determinative.

d. The holders of Class 3A claims shall retain the liens securing their claims during the pendency of this Plan. However, to the extent that any claim is fully or partially unsecured pursuant to 11 U.S.C. §506(a), that portion of the claim which is unsecured shall be provided for as a Class 6 unsecured claim under this Plan and a creditor holding such a claim shall retain its liens only to the extent of its allowed secured claim. To the extent that the allowed secured claim is paid during this case or thereafter, such creditors' liens shall be deemed satisfied in full.

e. It is anticipated that the holders of allowed Class 3A claims will be those persons or entities identified in the Summary of Class 3A set forth above.

**Summary of Class 3B – Surrender of Secured Property**

| Class 3B Creditor | Secured Property to be Surrendered |
|---|---|
| **NONE** | |

f. **Class 3B Claims** shall consist of all claims filed and allowed which are secured by liens which are not avoided by the Debtor and which are provided for as set forth below in Paragraph 3.h through 3.k

g. The Debtor will surrender the property securing the Class 3B Claims pursuant to 11 U.S.C. §1325(a)(5)(C).

h. The Debtor will affect the surrender of real property securing Class 3B Claims by either: (a) executing a deed in lieu of foreclosure in favor of a holder of the Class 3B Claim within fifteen (15) business days of a written request made by the holder or (b) not contesting a state court foreclosure, ejectment and/or other proceeding under applicable nonbankruptcy law by which the holder may obtain title or possession of the property.

i. The Debtor will affect the surrender of personal property securing Class 3B Claims by permitting a repossession of the personal property by the holder of the Class 3B Claim.

j. The confirmation order shall constitute an order granting the holders of Class 3B Claims relief from the automatic stay for the purpose of proceeding with its remedies under applicable nonbankruptcy law in order to obtain title and/or possession of the property to be surrendered pursuant to this Plan.

k. It is anticipated that the holders of allowed Class 3B claims will be those persons or entities identified in the Summary of Class 3B set forth above.

**Summary of Class 3C – Secured Claims "Not Provided For" By the Plan**

| Class 3C Creditor | Property Securing the Debt Not Provided For |
|---|---|
| None | |

l. **Class 3C Claims** shall consist of all claims filed and allowed which are secured by a lien which is not avoided by the Debtor and which are treated by this Plan in the manner set forth in Paragraph 3.n. below

m. No payments shall be made by the Trustee on account of Class 3C claims. It is the intention of the Debtor that this Plan "does not provide for" the Class 3C claims within the meaning of 11 U.S.C. §1325(a)(5). See also In re Waldman, 75 B.R. 1005 (Bankr. E.D. Pa. 1987).

n. It is anticipated that the holders of allowed Class 3C claims will be those persons or entities identified in the Summary of Class 3C set forth above.

5. **CLASS 4 – ALLOWED PRIORITY CLAIMS**

**Summary of Class 4 – Allowed Priority Claims Other than Class 1 Claims**

| Class 4 Creditor | Basis for Priority Status | Estimated Amount to be Paid |
|---|---|---|
| NONE | | |
| | | |

a. **Class 4 Claims** shall consist of all claims filed and allowed which are entitled to priority under 11 U.S.C. §507, other than Class 1 Claims.

b. The Trustee will make distributions to the holders of Class 4 claims until the holders of Class 4 claims have been paid the full amount of their respective allowed priority claims.

c. Unless otherwise provided in this Plan, the Trustee shall make distributions to the holders of Class 4 claims in order of statutory priority. Unless otherwise provided in this Plan, the Trustee shall make distributions to holders of Class 4 Claims of equal statutory priority on a pro rata basis.

d. It is anticipated that the holders of allowed Class 4 claims will be those persons or entities identified in the Summary of Class 4 set forth above.

6. **CLASS 5 – ALLOWED UNSECURED CLAIMS – SEPARATELY CLASSIFIED**

**Summary of Class 5 – Allowed Unsecured Claims – Separately Classified**

| Class 5 Creditor | Basis for Separate Classification | Treatment | Estimated Amount to be Paid |
|---|---|---|---|
| None | | | |

    a. **Class 5 Claims** shall consist of all other filed and allowed unsecured claims, not otherwise classified, which shall receive separate classification and treatment from other unsecured claims.

    b. Class 5 Claims shall be treated as follows (if any, description follows):

7. **CLASS 6 – UNSECURED CLAIMS – NOT SEPARATELY CLASSIFIED**

    a. **Class 6 Claims** shall consist of all other allowed unsecured claims, not otherwise classified.

    b. After the Class 1, Class 2, Class 3, Class 4 and Class 5 claims have been paid in accordance with the provisions of this Plan set forth above, the remaining funds paid to the Trustee pursuant to Paragraph 1 of this Plan shall be distributed, pro rata, to the holders of the Class 6 claims.

8. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

    a. The following executor contracts and unexpired leases are assumed:

| **Creditor** | **Name of Contract or Lease** | **Treatment by Debtor** |
|---|---|---|
| None | | |

    b. The following executory contracts and unexpired leases are rejected:

| **Creditor** | **Name of Contract or Lease** |
|---|---|
| | |

9. **MISCELLANEOUS PLAN PROVISIONS**

    a. If the Plan provides for payments to continue for more than 36 months, confirmation of this Plan shall constitute a finding in accordance with 11 U.S.C. §1322 that there is cause for extending the Plan beyond three years. Confirmation shall also constitute approval of such extension. Such extension is essential to the success of the Plan.

    b. The Debtor shall have sole right to use and possession of all property of the estate, including the rights to use, sell, or lease such property in the ordinary course of the Debtor's affairs, during the pendency of this case. In addition, unless modified by express order of the bankruptcy court, the stay provided 11 U.S.C. §362(a) shall remain in effect until entry of the discharge order.

    c. The Trustee shall pay the allowed claims provided for by this Plan in the following order:

       (1) Class 1 -    Administrative Expenses
       (2) Class 2 -    Cure of Prepetition Default
       (3) Class 3A -  Allowed Secured Claims Paid in Full and/or Modified
       (4) Class 4 -    Allowed Priority Claims Other than Class 1 Claims
       (5) Class 5 -    Allowed Unsecured Claims – Separately Classified
       (6) Class 6 -    Unsecured Claims – Not Separately Classified

    d. Notwithstanding any provision of this Plan, a holder of an allowed claim may agree to a different treatment than that provided in this Plan and such agreement shall be binding on the holder.

| | |
|---|---|
| <u>October 9, 2017</u><br>DATE |   /s/   Eugene A. Camposano<br>Eugene A. Camposano<br>Attorney for Debtor<br><br>1250 Germantown Pike – Ste. 205<br>Plymouth Meeting, PA  19462<br>Tele:   (610) 306-0626<br>Fax:   (610) 279-9390 |